## THOMPKINS v. STATE. (No. 5874.)

(Court of Criminal Appeals of Texas. June 23, 1920.)

**1. Criminal law ⊙═1086(13)—Appeal dismissed, where record does not show "sentence."**

The "sentence" is the final judgment in a criminal case, and is necessary to the jurisdiction of the Court of Criminal Appeals over the appeal in a felony case, so that the appeal must be dismissed where the record does not show the sentence.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Sentence.]

**2. Criminal law ⊙═1092(7)—Bills of exception, not filed within the time granted, cannot be considered.**

Bills of exception, taken on the trial of a criminal case, which were not filed within the 30 days granted by the court within which to file them, cannot be considered.

Appeal from District Court, Newton County; J. T. Adams, Judge.

Arthur Thompkins was convicted of theft, and he appeals. Appeal dismissed.

Alvin M. Owsley, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. This conviction was for theft; two years in the penitentiary being the punishment assessed.

[1, 2] The appeal must be dismissed, because the record does not contain a sentence. The sentence, being the final judgment, is necessary to attach the jurisdiction of this court in appeal felony cases. Collated cases may be found in Branch's P. C. p. 338; C. C. P. art. 853; Vernon's Ann. C. C. P. p. 851. But for this omission in the record the judgment should be affirmed. The two bills of ex-

ception taken on the trial are not filed in time granted for that purpose. Court adjourned March 20th. The court granted 30 days in which bills of exception might be filed. The bills were not filed until in early part of May, and could not therefore be considered.

The appeal is dismissed.